******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MOLL, J., concurring in the judgment. I agree with parts I, II, and IV of the majority opinion and, on the basis of the analysis set forth therein, concur that the trial court properly concluded that the 1953 judgment precludes the defendant, Miami Beach Association, from restricting public access and use of the property at issue. I disagree with the analysis set forth in part III of the majority opinion, however, because, having agreed with the majority that offensive res judicata, in its specific sense as the majority describes it, is not available under Connecticut law, I do not agree with the majority's implicit endorsement in part III of its opinion that there remains a privity requirement that the plaintiffs must satisfy under the circumstances of this case, i.e., where the beneficiaries of the 1953 judgment are members of the unorganized public. And although the majority claims to disavow the requirement of a privity showing; see footnote 22 of the majority opinion; the majority nonetheless requires one insofar as it addresses, and rejects on the merits, the defendant's claim in part III of its opinion.

In contrast, I consider the defendant's claim that the plaintiffs are not in privity with the plaintiffs in the 1952 action to be based on the faulty premise that the offensive use of res judicata is available under Connecticut law—a premise that the majority properly rejects in part I of its opinion. In my view, the defendant's challenge, when properly framed, instead implicates the distinct question of whether the plaintiffs have standing to bring this enforcement action. Here, the requirement that a party must have standing is readily satisfied by virtue of the fact that the plaintiffs are members of the unorganized public protected by the 1953 judgment. See *Connecticut Podiatric Medical Assn.* v. *Health Net of Connecticut, Inc.*, 302 Conn. 464, 469, 28 A.3d 958 (2011) ("[i]t is axiomatic that a party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim" (internal quotation marks omitted)). Accordingly, with respect to part III of the majority opinion, I concur in the judgment only.